UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Miniature Precision Components, Inc.,
a Wisconsin corporation,
        Plaintiff,

v.

PolyOne Corporation,
an Ohio corporation,

        Defendant.

Case No.

Hon.

## COMPLAINT

Plaintiff Miniature Precision Components, Inc. ("MPC") complains against Defendant PolyOne Corporation ("PolyOne") as follows:

### Nature of the Action

1. PolyOne, the supplier of certain single-sourced resins for automotive components supplied on a "just in time" basis to MPC, threatened to stop shipping those resins unless MPC paid prices higher than those specified in the governing contracts. MPC, faced with shutting down its plants and those of its automotive OEM customers, had no choice but to pay the proverbial ransom money, but did so under protest, as allowed by Uniform Commercial Code § 1-308. In this lawsuit, MPC seeks to recover its overpayments to PolyOne.

## Parties, Jurisdiction, and Venue

2. MPC is incorporated under the laws of Wisconsin, and its principal place of business is in Walworth, Wisconsin.

3. MPC designs and manufactures thermoplastic components, extruded tubing, and assemblies for under the hood parts and assemblies in the automotive and commercial industry.

4. PolyOne is incorporated under the laws of Ohio, and its principal place of business is in Avon Lake, Ohio.

5. This action is wholly between citizens of different states, there is complete diversity, and the amount in controversy exceeds $75,000, exclusive of interest, costs or attorneys' fees. Therefore, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332.

6. The contracts at issue provide that MPC "may elect to bring an action against [PolyOne] in any court having jurisdiction over [PolyOne]." MPC's Terms and Conditions of Purchase. **Ex. B**, ¶ 15.7.

7. Venue is proper because PolyOne regularly conducts business in this District. In addition, PolyOne's salespeople met and otherwise communicated with MPC's purchasing personnel in MPC's Southfield, Michigan, office in this District.

8. The amount in controversy exceeds $75,000, exclusive of interest, costs and attorney's fees.

### Factual Allegations

9. PolyOne supplies MPC on a just-in-time basis with MPC's requirements of the Delrin, Crastin, Zytel and Hytrel resin materials (the "Resins") identified in various Purchase Orders contracts (**Ex. A**).

10. On various dates in 2014 and 2015, MPC issued, and PolyOne accepted, the Purchase Orders obligating PolyOne to supply MPC "for the length of the applicable Original Equipment Manufacturer ("OEM") vehicle program production life." *Id.*

11. The parties also adjusted the pricing for the Resins, effective February 1, June 1 and October 1 of each year, pursuant to a nylon pricing adjustment formula that is based on the movement in cost of three raw materials – Cyclohexane, Butadiene and Natural Gas ("Nylon Price Adjustment").

12. MPC uses the Resins to manufacture assemblies to support numerous programs, including vehicles produced by Ford Motor Company, FCA US LLC, Toyota Motor Corporation, General Motors Company, Nissan Motor Company Ltd, and Mazda Motor Corporation.

13. The Purchase Orders incorporate MPC's General Terms and Conditions of Purchase. **Ex. A**, p. 1 of each Purchase Order. The incorporated Terms and Conditions are attached at **Ex. B**.

14. Section 7.1 of the Terms and Conditions provides that unless the parties agree otherwise, the price set forth in the Purchase Order is a "firm fixed price for the duration of the Agreement and not subject to increase for any reason." That section states, in pertinent part:

> Base Price. **The base price** and any future year over year cost reductions for each part number of Material ordered by [MPC] during the term from [PolyOne] **shall be the price set forth in the Purchase Order**. Unless otherwise stated, **the purchase price: (i) is a firm fixed price for the duration of the Agreement and not subject to increase for any reason**, including increased raw material costs, increased labor, currency fluctuations or other manufacturing costs, increased development costs, or changes in volumes or program length from those estimated or expected…

(emphasis added). *Id.* at ¶ 7.1.

15. In addition, Section 14.3 states that "[PolyOne] shall reimburse [MPC] for all actual attorney's fees (including the cost of in-house counsel) in any action arising out of this Order, unless [PolyOne] is the prevailing party." *Id.* at ¶ 14.3.

4

16. On March 16, 2018,[1] PolyOne e-mailed MPC's Commodity Purchasing Supervisor, Mary Eighmey, that effective April 1 PolyOne was increasing the pricing on the Resins. **Ex. C**, 3/16/18 e-mail from R. Rix to M. Eighmey.

17. MPC's Ms. Eighmey responded to PolyOne that day, March 16, making clear that that MPC would rejected PolyOne's price increase and demanded that PolyOne "confirm that shipments will continue." *Id.*, 3/16/18 e-mail from M. Eighmey to R. Rix.

18. Instead of confirming that shipments would continue at the agreed-upon pricing, PolyOne replied that PolyOne "will require an updated PO before 4/1 to make shipments after 4/1." *Id.*, 3/16/18 e-mail from R. Rix to M. Eighmey.

19. Because MPC did not have time to locate and source an alternate supply of Resins, to avoid a supply cutoff and a shutdown of MPC and its customer's production lines, on April 3, MPC, under protest, issued revised Purchase Orders to PolyOne with the higher, extracontractual pricing demanded by PolyOne in its March 16th e-mail correspondence effective April 1. The revised Purchase Orders expressly state that they are being issued with a "with reservation of rights." **Ex. A**, Purchase Orders.

---

[1] Unless stated otherwise, all dates hereafter occurred in 2018.

20. Then, just three months later, on July 2, PolyOne informed MPC that it was raising its prices yet again for the Resins. **Ex. D**, 7/2/18 e-mail from R. Rix to M. Eighmey.

21. On July 25 and 30, 2018, PolyOne followed up on its second price increase demand with e-mails to MPC's Ms. Eighmey, warning MPC that it must acquiesce to PolyOne's price increase demand to receive supply after August 1. *Id.*, 7/25/18 and 7/30/18 e-mails from R. Rix to M. Eighmey.

22. On August 8, to again avoid a supply cutoff, MPC, under protest, issued revised Purchase Orders to PolyOne with the higher, extracontractual pricing demanded by PolyOne in its July 2nd e-mail correspondence effective August 1. The revised Purchase Orders expressly state that they are being issued "with reservation of rights." **Ex. A**, Purchase Orders.

23. On September 19, PolyOne again conditioned further shipment of many of the Resins, after October 1, on MPC acquiescing to another extracontractual price increase. **Ex. E**, September 19, 2018 e-mail from R. Rix to M. Eighmey.

24. To again avoid a supply cutoff, MPC, under protest, issued revised Purchase Orders to PolyOne with the higher, extracontractual pricing demanded by PolyOne, effective October 1. The revised Purchase Orders expressly state they are being issued "with reservation of rights." **Exhibit F**, Additional Purchase Orders.

25. Each time that MPC issued revised Purchase Orders to PolyOne, MPC reserved its rights so that it could seek relief and continue to claim that the parties' agreements required PolyOne to supply the Resins at the lower, contract pricing.

## COUNT I
## BREACH OF CONTRACT

26. MPC incorporates its preceding allegations.

27. PolyOne agreed to sell Resins to MPC at the lower contract pricing agreed to in the Purchase Orders, for the life of the applicable programs.

28. With respect to the Resins, the parties also agreed to adjust pricing pursuant to the Nylon Price Adjustment.

29. MPC has satisfied all of its contractual obligations to PolyOne under the parties' contracts.

30. On three occasions (March, July, and September 2018), PolyOne materially breached the parties' contracts when it conditioned further supply on MPC paying it higher pricing for the Resins.

31. Further, PolyOne will no longer honor the Nylon Price Adjustment.

32. As a direct and proximate result of PolyOne's breaches of the contracts, MPC has suffered damages in an amount exceeding $75,000 plus costs, interest, and attorney fees. Because MPC continues to pay PolyOne the higher, extracontractual pricing, MPC's damages continue to accrue.

WHEREFORE, MPC respectfully requests that this Court enter a judgment against PolyOne for the full amount of MPC's damages, plus costs, interest, and attorney fees.

## COUNT II
## DECLARATORY JUDGMENT

33. MPC incorporates its preceding allegations.

34. On three occasions (March, July, and September 2018), PolyOne unequivocally stated to MPC that PolyOne would not continue to perform, unless MPC issued revised purchase orders providing for the higher and extracontractual prices demanded by PolyOne.

35. Each time that PolyOne conditioned further supply on MPC paying a higher price, MPC, with a reservation of rights, issued revised Purchase Orders to PolyOne that reflected the higher demanded pricing. These revised Purchase Orders state on their face that they were "issued with reservation of rights" (meaning "under protest"), in accordance with MPC's various communications to PolyOne that MPC did not agree to the unilaterally imposed price increases and cessation of the Nylon Price Adjustment.

36. The facts and circumstances of this case present an actual controversy regarding which pricing under the Purchase Orders applies.

37. MPC is entitled to a declaration that PolyOne is obligated to supply MPC with the Resins for the length of the applicable original equipment manufacturer program production life at the base pricing that was in place prior to MPC issuing (under protest) revised Purchase Orders that included PolyOne's demanded, higher pricing and that PolyOne is obligated to continue to honor the Nylon Price Adjustment.

WHEREFORE, MPC requests that this Court enter a judgment against PolyOne for the full amount of MPC's damages, plus costs, interest, and attorney fees.

Respectfully submitted,

By: /s/ Brent Warner
Brent Warner (P67733)
Alexandra Stan (P80616)
Brooks Wilkins Sharkey & Turco PLLC
401 S. Old Woodward Avenue, Suite 400
Birmingham, Michigan 48009
248.971.1800
Attorneys for Plaintiff Miniature Precision Components, Inc.

Dated: October 3, 2018